IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ROBINSON,

        Plaintiff,                      No. CIV S-11-0034 LKK EFB PS

    vs.

DALE DROZD; JOHN MOULDS,

        Defendants.             FINDINGS AND RECOMMENDATIONS

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Petitioner requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that petitioner is unable to prepay fees and costs or give security thereof.  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

        Determining petitioner may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if
3 it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4 *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6 his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7 a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8 relief above the speculative level on the assumption that all of the complaint's allegations are
9 true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
12    In this action, plaintiff alleges that United States Magistrate Judges Drozd and Moulds
13 violated plaintiff's due process rights and conspired to violate plaintiff's due process rights by
14 failing "to issue completed subpoenas to plaintiff." Compl., Dckt. No. 1. The gist of plaintiff's
15 complaint appears to be that the defendant judges failed to provide plaintiff with completed
16 subpoenas in two separate civil actions pending in this court (2:10-cv-2464-MCE-JFM and 2:10-
17 cv-2948-JAM-DAD). Compl., Dckt. No. 1 at 2 (citing orders issued in those actions on
18 December 22 and 23, 2010, denying plaintiff's motions for the issuance of subpoenas). Plaintiff
19 contends that the defendant judges conspired to issue erroneous rulings in violation of 18 U.S.C.
20 §§ 241 and 242. As an initial point, §§ 241 and 242 are criminal conspiracy statutes which do
21 not provide a private civil right of action. Moreover, nothing in plaintiff's complaint establishes
22 that defendants engaged in an conspiracy to violated plaintiff's rights. To the contrary, both
23 defendant judges properly denied plaintiff's requests for the issuance of completed subpoenas.
24 Further, it is well-settled that judges are immune from civil suit for actions taken in their judicial
25 capacity, unless "taken in the complete absence of all jurisdiction." *See Mireles v. Waco*, 502
26 U.S. 9, 11-12 (1991). Plaintiff makes no factual allegations that the defendant judges acted

outside the scope of their judicial capacity or lacked jurisdiction in this matter.  In fact, all of his claims are based on rulings by the defendant judges.

Accordingly, the court will recommend this action be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's request for leave to proceed *in forma pauperis* be granted;

2. The complaint be dismissed without leave to amend; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 28, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE